UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SENECCA KEILY FREEMAN,

                Petitioner,                  Case No. 1:22-cv-544

v.                                      Honorable Robert J. Jonker

UNITED STATES OF AMERICA,

                Respondent.

_____/

**OPINION**

This is a habeas corpus action brought by a federal prisoner under 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

Alternatively, a preliminary review is required by 28 U.S.C. § 2243. Under that provision, a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the preliminary review required by statute and rule, the Court concludes that the petition must be dismissed because the Court does not have jurisdiction over Petitioner's habeas claims.

A habeas petition under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) ("While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian." (citing *In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999))). Petitioner is presently incarcerated at FCI Greenville, in Greenville Illinois. Thus, Petitioner's custodian is in Illinois, not Michigan.

Section 1631 of Title 28, United States Code authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian. Accordingly, the Court will transfer the petition to the United States District Court for the Southern District of Illinois.

### Conclusion

Having conducted the review of Petitioner's habeas claim under Rule 4 of the Rules Governing Habeas Corpus actions and 28 U.S.C. § 2243, the Court concludes it does not have jurisdiction over Petitioner's § 2241 claim. In lieu of dismissing that claim, however, under 28 U.S.C. § 1631, the Court will transfer the petition to the United States District Court for the Southern District of Illinois.

An order consistent with this opinion will be entered.


Dated:   July 21, 2022                              /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge